# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

DENNIS G. HUCKINS,

     Plaintiff

v.                                                                      Case No: 11-cv-106-JD
                                                            JURY TRIAL DEMANDED

OFFICER MARK MCSWEENEY; and
TOWN OF SANBORNTON,

     Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW COME** Defendants Officer Mark McSweeney and Town of Sanbornton

(hereinafter "Police Defendants"), by their duly authorized counsel, Gallagher, Callahan &

Gartrell, PC, and file this Answer and Affirmative Defenses, and say as follows:

## ANSWER

### I.    Parties

1-3.    Police Defendants admit the allegations in Paragraphs 1-3.

### II.    Jurisdiction & Venue

4-5.    Police Defendants neither admit nor deny the allegations in Paragraphs 4-5 as this

action has been properly removed to the United States District Court for the District of New

Hampshire under 28 U.S.C. §1441(b) (Federal Question – 28 U.S.C. §1331) and 28 U.S.C.

§1446 (Procedure for Removal) because Plaintiff alleges violations of federal law and all parties

reside in New Hampshire.

### III.    Factual Background

6.    Police Defendants admit that Plaintiff drove his truck on New Hampton Road in

Sanbornton, New Hampshire on January 20, 2009 and that he was following Gregory Gagnon,

who was driving a separate vehicle.  Police Defendants are without sufficient information at this time to admit or deny the 3rd sentence allegations in Paragraph 6 and deny the last sentence allegations.

7.      Police Defendants admit the allegations in Paragraph 7.

8.      Police Defendants are without sufficient information to admit or deny the allegations in the first sentence of Paragraph 8.  Police Defendants admit the remaining allegations in Paragraph 8.  By way of further answer, see facts and circumstances set forth in **Attachment A** (Police Reports – 8 pages).

9.      Police Defendants admit that Plaintiff did not move his vehicle in front of Mr. Gagnon's vehicle as instructed, but proceeded on to the General Store located at 666 New Hampton Road in Sanbornton.  Police Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 9.

10.      Police Defendants admit the allegations in the first sentence of Paragraph 10. Police Defendants admit that Officer McSweeney questioned Mr. Gagnon about Huckins's destination, and proceeded to follow Mr. Gagnon to the General Store, where Officer McSweeney initiated a driving-under-the-influence investigation, with the consent of the Plaintiff.  Police Defendants deny that Officer McSweeney proceeded without reasonable suspicion or probable cause.  By way of further answer, see Attachment A.

11.      Police Defendants deny the allegations in Paragraph 11.  By way of further answer, see Attachment A.

12.      Police Defendants admit the allegations in the first three sentences of Paragraph 12. Police Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 12.

13.     Police Defendants deny the allegations contained in Paragraph 13, except they admit that Plaintiff consented to the HGN test.  By way of further answer, see Attachment A.

14.     Police Defendants deny the factual allegations contained in Paragraph 14, except they admit that Plaintiff walked and then ran away from Officer McSweeney toward his truck with its driver's door open.  By way of further answer, see Attachment A.

15-17.  Police Defendants deny the factual allegations contained in Paragraphs 15-17.  By way of further answer, see Attachment A.

18.     Police Defendants deny the allegations in Paragraph 18, except that Police Defendants admit that Plaintiff walked and then ran away from Officer McSweeney toward his opened motor vehicle, ignored Officer McSweeney's attempts to communicate with him further, and that the use of Taser was justified and reasonable under the circumstances. See Attachment A.

19.     Police Defendants admit that Plaintiff was charged with resisting arrest and that the charge was not sustained.  Police Defendants deny the remaining allegations in Paragraph 19.

20.     Police Defendants deny the allegations in Paragraph 20.

## COUNT I

### Civil Rights Action Pursuant to 42 U.S.C. §1983
### Violation of Amendment IV to the United States Constitution
**(against Mark McSweeney)**

21.     Police Defendants incorporate answers and responses set forth in Paragraphs 1-20 above.

22-27.  Police Defendants deny the legal and factual allegations in Paragraphs 22-27.  By way of further answer, see facts in Attachment A.

3

## COUNT II

### Battery
**(Against All Defendants)**

28.     Police Defendants incorporate answers and responses set forth in Paragraphs 1-27 above.

29-32.  Police Defendants deny the legal and factual allegations in Paragraphs 29-32.  By way of further answer, see facts in Attachment A.

## COUNT III

### Malicious Prosecution
**(Against Town of Sanbornton)**

33.     Police Defendants incorporate answers and responses set forth in Paragraphs 1-32 above.

34-35.  Police Defendants deny the legal and factual allegations in Paragraphs 34-35.  By way of further answer, see facts in Attachment A.

36.      Police Defendants admit the allegations in Paragraph 36.

37.     Police Defendants deny the legal and factual allegations in Paragraph 37.

## AFFIRMATIVE DEFENSES

1.     Police Defendants deny all liability and damages.

2.     Police Defendants deny they violated any constitutional, federal, state, statutory, or common law rights of the plaintiff.

3.     Plaintiffs' complaint fails to state proper claims for which relief may be granted.

4.     Plaintiff's claims are barred by the doctrines of municipal immunity and discretionary function immunity.

5.      Plaintiff's claims are barred by the doctrines of official immunity and qualified immunity.

6.      Police Defendants are entitled to official, good faith, qualified immunities while acting within the scope of their employment.

7.      Police Defendants are entitled to statutory and common law immunities and defenses, including but not limited to R.S.A. 507-B:5, R.S.A. 507:8-d; R.S.A. 507-B:4; R.S.A. 627:1, et. seq.

8.      Police Defendants are entitled to statutory and common law limitations of liability, including but not limited to R.S.A. 507-B:4.

9.      Police Defendants' actions were not the proximate cause of any constitutional, statutory, or common law injury to plaintiff.

10.     No punitive or enhanced damages are warranted or permitted.  R.S.A. 507-B:4(II) and (IV).

11.     Police Defendants reserve the right to add additional defenses as discovery proceeds.

12.     Police Defendants request a trial by jury.

13.     Police Defendants object to a jury trial with fewer than 6 jurors.

14.     Police Defendants reserve the right to request a view.

WHEREFORE, Defendants respectfully request the following affirmative relief:

1.      Dismiss the Complaint;

2.      Grant judgment in favor of Defendants; or

3.      Provide a jury of not less than six (6) to decide all triable issues; and

      4.      Award attorneys' fees and costs to Police Defendants pursuant to 42 U.S.C. § 1987 and 1988; N.H. R.S.A. 507:15.

            Respectfully submitted,

            **OFFICER MARK MCSWEENY**
            **TOWN OF SANBORNTON**

            By Their Attorneys,

            **GALLAGHER, CALLAHAN & GARTRELL, P.C.**
            214 N. Main Street
            P.O. Box 1415
            Concord, NH 03302-1415
            (603)228-1181
            (603)224-7588 (facsimile)

April 6, 2011            /s/ Charles P. Bauer
Date            Charles P. Bauer, Esquire (NH Bar #208)

## CERTIFICATE OF SERVICE

      I, Charles P. Bauer, hereby certify that a copy of the foregoing was sent to Jason R. L. Major, Esquire (NH Bar #14782) via ECF.

April 6, 2011            /s/ Charles P. Bauer
Date            Charles P. Bauer, Esquire (NH Bar #208)